1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8
   ALISHA RAE SANCHEZ,              )
9                                   )
              Petitioner,           )
10                                  )
              v.                    )    CV 05-3827 PHX SRB (MEA)
11                                  )
   DORA B. SCHRIRO and             )
12  ARIZONA ATTORNEY GENERAL,       )    REPORT AND RECOMMENDATION
                                    )
13            Respondents.          )
   _____)
14

15  TO THE HONORABLE SUSAN R. BOLTON:

16        On November 23, 2005, Petitioner filed a *pro se*

17  petition seeking a writ of habeas corpus pursuant to 42 U.S.C.

18  § 2254.   The petition was dismissed with leave to amend and

19  Petitioner filed an amended petition on February 15, 2006.

20  Respondents filed an Answer to Petition for Writ of Habeas

21  Corpus ("Answer") on March 15, 2006.   Docket No. 10.

22  Respondents assert that the action for habeas relief was not

23  timely filed and, therefore, that the petition must be denied

24  and dismissed with prejudice.

25        **I Procedural History**

26        On June 10, 1999, Petitioner was indicted on one count

27  of manslaughter, one count of aggravated assault, and two counts

28  of endangerment.   See Answer, Exh. A.   A jury found Petitioner

guilty of the lesser included offense of negligent homicide and also found Petitioner guilty of the charges of aggravated assault and endangerment.  Id., Exhs. C-J.

On February 2, 2001, Petitioner was sentenced to a term of 8 years imprisonment for her conviction for negligent homicide, to be served concurrently with a sentence of 5 years on the charge of aggravated assault and a sentence of 2.25 years imprisonment on the count of endangerment.  Id., Exh. K. Sentencing pursuant to Petitioner's second conviction for endangerment was suspended.  Id., Exh. K.

Petitioner took a direct appeal of her convictions and sentences on February 15, 2001.  Id., Exh. L.  The Arizona Court of Appeals denied the appeal in a decision filed November 13, 2001.  Id., Exh. P.  Petitioner sought review of this decision by the Arizona Supreme Court, which denied review on May 21, 2002.  Id., Exh. R.

Petitioner filed an action for post-conviction relief in the Arizona trial court on July 30, 2002.  Id., Exh. S. Petitioner never filed an actual petition for post-conviction relief and this action was finally dismissed on February 14, 2003, for Petitioner's failure to file an actual petition for relief.  Id., Exh. U.  Petitioner did not seek review of the decision dismissing her Rule 32 action by the Arizona Court of Appeals.

On November 23, 2005, Petitioner filed a petition for federal habeas relief.  The petition was dismissed with leave to amend and Petitioner filed an emended petition on February 15,

-2-

2006.  See Docket No. 4.  Petitioner asserts she is entitled to federal habeas relief because she was denied the effective assistance of counsel, i.e., her counsel "did not provide a re-enactment of the accident during [her] trial."  Petitioner also asserts juror misconduct, i.e., that the presence of a juror's husband in the gallery during the trial meant the juror was improperly discussing the case with her husband.  Petitioner also asserts her constitutional rights were violated because the police took an un-Mirandized statement from her after the accident while she was under the influence of narcotics, which statement was used against her at her trial.  Petitioner further contends she is entitled to federal habeas relief because she was "[d]enied right to a fair trial. Trial court refused to instruct the jury on the legality of the use of high-beam head lights."

## II Analysis

### A. Relevant statute of limitations

The Amended Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA requires state prisoners to file any petition for federal habeas corpus relief within one year of the date their state court conviction becomes "final."  See 28 U.S.C. § 2244(d)(1)(A) (1994 & Supp. 2006) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").  The federal habeas petition "must be filed

within one year of the latest of the date on which ... the judgment became final after the conclusion of direct review or the time passed for seeking direct review ...″  Id.  The running of this one-year statute of limitations is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court.  See id. § 2244(d)(2); see also Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286-87 (9th Cir. 1997), overruled on other grounds by Calderon v. Kelly, 163 F.3d 530 (9th Cir. 1998) (en banc).

Petitioner did not have any action for post-conviction relief pending in the Arizona state courts for a period of more than one year after her conviction became final and before she filed her federal habeas petition.  The statute of limitations ran against Petitioner at least from March 16, 2003, when the time for seeking review of the Arizona Superior Court's decision dismissing her action for post-conviction relief by the Arizona Court of Appeals expired,[1] until at least November 23, 2005, when

---

[1]Petitioner had thirty days to seek review of this decision by the Arizona Court of Appeals and, therefore, the statute of limitations on her federal habeas action was further statutorily tolled during this time.  See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually seeks a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000) (holding that, because a judgment is not final until the time for seeking review expires, the word "pending" includes that time period, whether or not such review is sought, and collecting cases so holding).  See also Johnson v. McCaughtry, 265 F.3d 559, 563 n.3 (7th Cir. 2001) (declining to decide issue but collecting cases so holding).

Petitioner filed her action for federal habeas corpus relief.

Because Petitioner did not file her federal habeas action within the period specified by the AEDPA, her petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case.  See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.  See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002).  Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.  See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  It is Petitioner's burden to establish that equitable tolling is warranted in his case.  Gaston, 417 F.3d at 1034.

Petitioner has not established that there were extraordinary circumstances beyond her control which made it impossible for her to file a timely federal habeas petition.

**III Conclusion**

Petitioner did not file her federal habeas action within the one-year period specified by the AEDPA and Petitioner has not established that she is entitled to equitable tolling of the statute of limitations regarding her federal habeas action.

1    **IT IS THEREFORE RECOMMENDED** that Ms. Sanchez' Petition
2   for Writ of Habeas Corpus be **denied and dismissed with**
3   **prejudice**.

4    This recommendation is not an order that is immediately
5   appealable to the Ninth Circuit Court of Appeals. Any notice of
6   appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
7   Procedure, should not be filed until entry of the district
8   court's judgment.

9    Pursuant to Rule 72(b), Federal Rules of Civil
10  Procedure, the parties shall have ten (10) days from the date of
11  service of a copy of this recommendation within which to file
12  specific written objections with the Court. Thereafter, the
13  parties have ten (10) days within which to file a response to
14  the objections. Failure to timely file objections to any
15  factual or legal determinations of the Magistrate Judge will be
16  considered a waiver of a party's right to de novo appellate
17  consideration of the issues. See United States v. Reyna-Tapia,
18  328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to
19  timely file objections to any factual or legal determinations of
20  the Magistrate Judge will constitute a waiver of a party's right
21  to appellate review of the findings of fact and conclusions of
22  law in an order or judgment entered pursuant to the
23  recommendation of the Magistrate Judge.

24   DATED this 21st day of June, 2006.

26   _____
         Mark E. Aspey
27       United States Magistrate Judge

28                          -6-